# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15cr285 |
| v. | : | (Judge Munley) |
| PATRICK OWUSU, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Patrick Owusu's motion to dismiss the indictment filed against him by the United States of America (hereinafter "government"). The indictment charges him with failure to depart the United States pursuant to an order of removal in violation of 8 U.S.C. § 1253(a)(1)(A),(B) and (C). The parties have briefed their respective positions and the matter is ripe for decision.

**Background**

The government asserts that Defendant Patrick Owusu is a citizen and native of Ghana, and thus an alien in the United States. (Doc. 50, Def. Exh. A, U.S. Citizenship and Immigration Serv. Decision at 2). It is indeed uncontested that defendant was born in Ghana, and entered the United States as a permanent legal resident in February of 1996. (Doc. 60-2, Oral Decision of Immigration Judge at 1). On June 26, 2012, the Delaware Superior Court convicted defendant of assault in the second degree and sentenced him to prison

for five years. (Id. at 2). Based upon this criminal conviction, the United States Department of Justice Executive Office for Immigration Review Immigration Court ordered defendant removed from the United States on September 26, 2012. (Doc. 60-1, Gov't Att. A).

Defendant admits that he "conceded removability . . . but applied for relief pursuant to the Convention Against Torture (CAT)." (Doc. 49, Def.'s Supp. Br. at 3). An immigration judge rejected his CAT claim on June 13, 2013. (Doc. 60-2, Gov't Att. B). The defendant appealed to the Board of Immigration Appeals, which applying a *de novo* standard of review affirmed the immigration judge's conclusion on October 8, 2013. (Doc. 60-3, Gov't Att. C, Board of Immigration Appeals Decision).

Over a year later, on January 26, 2015, defendant filed an application for certificate of citizenship with the United States Citizenship and Immigration Services ("CIS"), the entity which decides issues of citizenship. In this case, it appears that defendant never raised citizenship as a defense during the removal proceedings. His citizenship was raised as an issue for the first time with this application to the CIS.

In its decision on the defendant's petition, the CIS explained that a child born outside of the United States can become a citizen of the United States under certain circumstances if the child's parent, who has legal custody of the

child, is naturalized. There are several requirements to this rule, including that the child must be under the age of eighteen when the parent is naturalized. (Doc. 60-4, Gov't Att. D, CIS decision) see 8 U.S.C. § 1432(a) (repealed and replaced by 8 U.S.C. § 1431(a)). Defendant attempted to establish citizenship through this statute.

Here, according to the CIS, the defendant was over eighteen years of age when his mother was naturalized, and thus, he did not obtain citizenship under 8 U.S.C. § 1432(a). (Doc. 60-4, Gov't Att. D, CIS decision). To determine the defendant's age, the CIS examined various documents and statements, including the defendant's birth certificate. (Id. at 3). Defendant evidently applied again for a certificate of citizenship, which was denied for similar reasons on November 4, 2016. (Doc. 60-5, Gov't Att. E).

Despite the order of removal and his lack of success in challenging it, the defendant has not left the country. Accordingly, on December 8, 2015, the government charged him with failure to depart from the United States pursuant to an order of removal in violation of 8 U.S.C. §§ 1253(a)(1)(A), (B) and (C). (Doc. 1, Indictment)

Defendant pled not guilty to the instant charge on January 22, 2016. (Doc. 10). Defendant claims that he is, in fact, a citizen of the United States having derived such citizenship through his mother, a naturalized United States citizen.

(Doc. 48). Accordingly, he filed the instant motion to dismiss the charge which has been lodged against him. He argues that as a citizen he cannot be ordered removed from the country.

**Discussion**

Defendant argues that he is in fact a citizen/national of the United States. He asserts that a claim of United States nationality is an affirmative defense to the charge of hindering removal pursuant to 8 U.S.C. § 1252(b)(7). This statute provides as follows:

> **(A) In general**
> If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.
> **(B) Claims of United States nationality**
> If the defendant claims in the motion to be a national of the United States and the district court finds that –
>   **(i)** no genuine issue of material fact about the defendant's nationality is presented, the court shall decide the motion only on the administrative record on which the removal order is based and the administrative findings of fact are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole; or
>   **(ii)** a genuine issue of material fact about the defendant's nationality is presented, the court shall hold a new hearing on the nationality claim and decide that claim as if an action had been brought under section 2201 of Title 28.

> The defendant may have such nationality claim decided only as provided in this subparagraph.

Defendant's argument is that he has been charged under section 1253 and is challenging the validity of his order of removal because he is a national, and therefore, the court should decide this issue before trial and ultimately dismiss the case.

We find that we lack jurisdiction to address this issue. Additionally, even if we had jurisdiction, the statute would not apply to the defendant. If the statute did apply to the defendant his argument would fail on the merits. We will address these issues in turn.

**A. Jurisdiction**

Defendant challenges his final order of removal. The law provides, that no court has jurisdiction to review a final order of removal against an alien who, like the defendant, is removable by reason of having committed a criminal offense covered in 8 U.S.C. § 1227(a)(2)(A)(iii).[1] This section specifically states that we lack jurisdiction "[n]otwithstanding any other provision of law (statutory or nonstatutory)". Defendant seeks relief under a statute, and even though it may appear that relief could be granted under that statutory section, the fact that defendant has been ordered removed due to committing an aggravated felony

---

[1] Despite this language, the court of appeals retains jurisdiction to review constitutional claims or question of law raised upon a petition for review. 8 U.S.C. § 1252(a)(2)(D).

divests us of jurisdiction.  Thus, we simply do not have authority to determine whether defendant's removal order is invalid.[2]

**B.  Applicability of the statute**

As noted above, defendant seeks to proceed under 8 U.S.C. § 1252(b)(7). This section only applies if the defendant's order of removal has not been judicially decided.  The government makes a cogent argument that section 1252(b)(7) does not apply because defendant's order of removal has already been judicially decided.   As set forth above, an Immigration Judge ordered the defendant removed from the United States.  He appealed this order to the Board of Immigration Appeals, which affirmed the Immigration Judge.  Defendant could have then appealed the case to the Court of Appeals.  See  8 U.S.C. § 1252(b)(2) (explaining that the petition for review in such a case "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.")  Defendant did not appeal, thus effectively bringing

---

[2] We lack jurisdiction for another reason. The defendant asks us to dismiss the criminal charges against him because he is a citizen.  The CIS, however, has already determined that he is not a citizen.  He asks us to review this decision, to examine additional evidence and to find that the CIS erred.  Matters of immigration and citizenship, however, are governed by an intricate and comprehensive statutory scheme.  A party unhappy with a decision by CIS cannot merely challenge that decision in district court.  An administrative procedure is set forth that the defendant must exhaust.  For example, as the CIS decisions instructed him, the next step for the defendant to take after his initial denial would be to file an appeal with the Administrative Appeals Office.  (Gov't Att. D and E).

6

the challenge to his order of removal to an end. Defendant cannot now argue that his order of removal is not "judicially decided" merely because he failed to file all the appeals to which he was entitled. Because we deem his order of removal to have been "judicially decided" then section 1252 does not apply and denial of the motion to dismiss is appropriate.

**C. Merits analysis**

Even if we did have jurisdiction, our analysis would be limited to whether the administrative findings of fact are supported by reasonable, substantial, and probative evidence on the record considered as a whole. 8 U.S.C. § 1252(b)(7)(B)(i). Under such a merits analysis, the defendant would not prevail.

Here, defendant sought a certificate of citizenship from the United States Citizenship and Immigration Services (hereinafter "CIS"). (Doc. 60-4, Gov't Att. D). Defendant asserts that he is a citizen based upon the former 8 U.S.C. § 1432(a). This statute, which has since been repealed, provided as follows:

> Child Born Outside of the United States of Alien Parent; Conditions Under Which Citizenship Automatically Acquired"
> (a) A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon the fulfillment of the following conditions: . . . The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and **if Such naturalization takes place while such child is under**

7

**the age of eighteen years**; and Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent[.]. (emphasis added).

8 U.S.C. § 1432(a) (repealed and replaced by 8 U.S.C. § 1431(a).

Defendant argues that in his case all of the prerequisites are met. He came to America with his mother in 1996 as a lawful permanent resident. His mother became a naturalized citizen on August 8, 1996. He further argues that he was born in 1980, and was sixteen years of age when his mother became a citizen. Thus, under this section he would have also automatically become a citizen.

The CIS, however, determined that the defendant is not a citizen because he was too old when his mother was naturalized to obtain citizenship through her. His mother became a naturalized citizen on August 8, 1996. Rather than a birthday in 1980, the CIS concluded that defendant's birthday is February 28, 1977. Therefore, he was nineteen years old when his mother was naturalized, too old to obtain citizenship through her.

The CIS determination that defendant's birthday is February 28, 1977 is supported by reasonable, substantial, and probative evidence on the record. Defendant's birth certificate indicates that his birthday is February 28, 1977. (Doc. 60-6, Gov't Att. F). Defendant's mother's Form I-30 lists defendant's date of birth as February 28, 1977. (Filled out on June 16, 1991) (Doc. 60-7, Gov't

Att. G). On INS form N-400, she also indicated defendant's birthday as February 28, 1977. This form was submitted in August 1996. (Doc. 60-8, Gov't Att. H). On an application for immigrant visa and alien registration, for permanent residency, defendant listed his date of birth as February 28, 1977. This form is dated November 30, 1995. (Doc. 60-9, Gov't Att. I). At a guilty plea in August 2003, on the record, defendant stated that his date of birth is February 28, 1977. (Doc. 60-10, Gov't Att. J). In a sworn statement to immigration authorities on June 17, 2011, defendant indicated that his birthday is February 28, 1977. (Doc. 60-11, Gov't Att. K). On an application for asylum filed on May 7, 2013, defendant provides February 28, 1977 as his date of birth. (Doc. 60-12, Gov't Att. L). In his removal hearing proceeding, he testified that he was thirty-six years old, with a birthdate of February 28. The hearing was held on June 13, 2013, thus indicating a date of birth of February 28, 1977. (Doc. 60-13, Gov't Att. M). On an immigration form, defendant's mother listed his date of birth as February 28, 1977. (Doc. 60-14, Gov't Att. N) On a visa application in November 23, 1995, he listed his date of birth as February 28, 1977. (Doc. 60-15, Gov't Att. O) . On defendant's 1996 Immigrant Visa and Alien Registration form he listed his date of birth as February 28, 1977. (Doc. 60-16, Gov't Att. P). On his "Truth-In-Sentencing Guilty Plea Form, defendant lists his date of birth as February 28, 1977. (Doc. 60-17, Gov't Att. Q). Although partially obscured it appears that the

defendant's form from the "Passport Control Office" of Ghana dated March 13, 2014 lists his date of birth as February 28, 1977. (Doc. 60-18, Gov't Att. R). Thus, even if we did have jurisdiction, we would still find in the government's favor. The record supports the CIS's finding that defendant was over the age of eighteen when his mother became a citizen. He was thus too old to derive citizenship through her.

**Conclusion**

For the reasons set forth above, we find that we do not have jurisdiction to address defendant's attack of his removal order. Even if we did, however, the merits of the case are in the government's favor. We will deny the defendant's motion to dismiss the indictment. An appropriate order follows.

**Date: July 13, 2018**                           **BY THE COURT:**

                                                                 **s/ James M. Munley**
                                                                  **JUDGE JAMES M. MUNLEY**
                                                                  **United States District Court**